No. 87-235

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

STATE OF MONTANA,

        Plaintiff and Appellant,

   -vs-

PHIL SWORD,

        Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        John Paulson, Asst. Atty. General, Helena
        Ted Lympus, County Attorney, Kalispell, Montana
        Ed Corrigan, Deputy County Attorney, Kalispell

    For Respondent:

        Gary A. Crowe, Kalispell, Montana

_____

Submitted on Briefs:  Aug. 27, 1987

Decided:  December 15, 1987

Filed: DEC 15 1987

_____
                  Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Eleventh Judicial District, Flathead County, dismissed charges against defendant on the basis of double jeopardy. The State appeals. We affirm.

The issue is:

Did the District Court err in concluding that the State prosecution of defendant for subscribing to a materially false statement on an application for a grizzly bear trophy license was barred by double jeopardy where defendant had previously been convicted in federal court of knowingly possessing, carrying, and transporting a grizzly bear taken unlawfully?

The defendant, Mr. Sword, killed a grizzly bear in the Great Bear Wilderness which at that time was closed to grizzly bear hunting. Section 87-2-701(2), MCA, requires one who kills a grizzly bear to purchase a trophy license which authorizes the hunter to possess and transport the trophy. When Mr. Sword purchased his trophy license, he reported that he killed the bear in the Bob Marshall Wilderness which at the time was open to grizzly bear hunting. He then stored the hide. Approximately seven to eight months later, authorities learned through an informant that Mr. Sword had lied on his trophy license application and actually had killed the bear in the Great Bear Wilderness.

Mr. Sword was charged by information in United States District Court with two counts of violating the Endangered Species Act of 1973. As the result of a plea agreement, he pled guilty to count two of the information. Mr. Sword was then sentenced: he was fined $8,500, was placed on probation for two years, and was ordered to forfeit the grizzly bear hide and skull.

Mr. Sword then was charged in justice court for violation of § 87-2-106(5), MCA, (1985). That subsection provides,

> It is unlawful to subscribe to any statement, on any application or license, that is materially false. Any material false statement contained in an application renders the license issued pursuant to it void. Any person violating any provision of this statute is guilty of a misdemeanor.

The application or license referred to in this instance is the trophy license required by § 87-2-701(2), MCA, when Mr. Sword killed the grizzly bear. Mr. Sword was found guilty in justice court so he appealed to state district court for trial de novo. The District Court granted Mr. Sword's motion to dismiss with prejudice.

Did the District Court err in concluding that the State prosecution of defendant for subscribing to a materially false statement on an application for a grizzly bear trophy license was barred by double jeopardy where defendant had previously been convicted in federal court of knowingly possessing, carrying, and transporting a grizzly bear taken unlawfully?

Count two of the federal information alleged, "That . . . Phil Sword did knowingly possess, carry and transport a grizzly bear taken unlawfully, in violation of 16 U.S.C. § 1538(a)(1)(G) . . . ." Section 1538(a)(1)(G) provides in part,

> [I]t is unlawful for any person subject to the jurisdiction of the United States to . . . violate any regulation pertaining to any threatened species of fish or wildlife listed pursuant to section 1533 of this title and promulgated by the Secretary pursuant to authority provided by this chapter.

The parties here propose two different readings of the statute. Mr. Sword believes that the language "any regulation" must include state as well as federal statutes which pertain to threatened species. He argues that §§ 87-2-106(5) and 87-2-701(2), MCA, the statutes which support the state charge, would constitute regulations within the meaning of § 1538(a)(1)(G). The State District Court agreed with Mr. Sword:

> It is apparent then that it was anticipated by the Federal prosecutor and by this Defendant that when he pled guilty to the Federal charge such plea included the falsification of the Trophy Application. Accordingly, it would constitute double jeopardy to require this Defendant to answer to that offense in the State Court.

The sentence in question reads that it is unlawful to "violate any regulation pertaining to any threatened species . . . listed pursuant to section 1533 . . . and promulgated by the Secretary pursuant to authority provided by this chapter." The statute provides that one may not violate any regulation (1) which pertains to any threatened species, listed pursuant to section 1533, and (2) which is promulgated by the Secretary. "Regulation" as used in that statute contemplates only those regulations put into effect by the Secretary. The language of the federal statute then does not of itself bar subsequent state prosecution for violation of state statutes pertaining to threatened species.

Generally, two chargeable offenses may arise from the same transaction although Montana statute provides some exceptions to the rule. Section 46-11-502, MCA. In this case, however, we must first look to § 46-11-504, MCA, to determine whether the prosecution in federal court is a bar to the subsequent prosecution in state court.

4

When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or of two courts of separate, overlapping, or concurrent jurisdiction in this state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this state under the following circumstances:

(1) The first prosecution resulted in an acquittal or in a conviction as defined in 46-11-503 and the subsequent prosecution is based on an offense arising out of the same transaction.

. . .

Section 46-11-504(1), MCA.

This statute requires answers to two questions: 1) Did Montana and the United States have concurrent jurisdiction? 2) Is the Montana prosecution based on an offense arising out of the same transaction?

In State v. Zimmerman (1977), 175 Mont. 179, 187, 573 P.2d 174, 179, we held, "The measure of concurrent jurisdiction is whether defendant's conduct subjected him to prosecution in both jurisdictions." If the conduct gives rise to an offense chargeable in both jurisdictions, concurrent jurisdiction lies regardless of the particular offense ultimately charged in each jurisdiction. Zimmerman, 573 P.2d at 179.

Zimmerman presented a legal question remarkably similar to this case. In that case the defendant's conduct constituted embezzlement under both federal and state law. The federal prosecutors, however, prosecuted him for making false statements to secure funds rather than for embezzlement. The State then sought to charge the defendant for embezzlement. This Court concluded that the two jurisdictions need not charge and convict for the same offense for concurrent jurisdiction to exist. Rather, concurrent jurisdiction exists

5

because both jurisdictions had authority to prosecute for the same offense -- embezzlement. <u>Zimmerman</u>, 573 P.2d at 179.

In this case, when Mr. Sword killed the bear, transported it from the mountain, made false statements on the trophy application, and stored the hide, his conduct was a violation of 16 U.S.C. § 1583(a)(1)(G) in that he possessed, carried, and transported a grizzly bear taken unlawfully. This was the charge in count two of the federal information which finds its source in 50 C.F.R. § 17.40 (b)(ii)(A) (1985). Section 87-1-102(2)(a), MCA, uses virtually the same language as the federal regulation by making it a misdemeanor for "unlawfully taking, killing, possessing, transporting, or wasting of . . . a grizzly bear . . . ." The United States and the State of Montana have concurrent jurisdiction by virtue of 50 C.F.R. § 17.40(b)(ii)(A) and § 87-1-102(2)(a), MCA, respectively.

We now turn to whether the Montana prosecution is based on an offense arising out of the same transaction as the federal prosecution.

> The term "same transaction" includes conduct consisting of: a series of acts or omissions which are motivated by a purpose to accomplish a criminal objective and which are necessary or incidental to the accomplishment of that objective . . .

Section 46-11-501(1)(a), MCA. Mr. Sword's conduct consisted of the possessing, carrying, and transporting of a bear taken unlawfully. This is the charge to which he pled guilty in federal court. He also made false statements on his trophy license application. The trophy license authorized him to possess and transport the trophy. Thus, his false statements as well as his other acts were motivated and necessary or at least incidental to the accomplishment of the criminal objective of possessing, carrying, and transporting of a grizzly

6

bear taken unlawfully. Clearly the Montana prosecution is based on an offense arising out of the same transaction as the federal prosecution within the meaning of the statute.

The State argues that this Court must apply the Blockburger rule and cites State v. Pierce (1982), 199 Mont. 57, 647 P.2d 847, as authority. The State contends that Blockburger and Pierce together allow the State's prosecution in the present case. In Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the Unites States Supreme Court was asked to determine whether the defendant committed two offenses or only one offense by a single sale in violation of the federal narcotic act. The Court stated what has become known as the Blockburger rule:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

Blockburger, 284 U.S. at 304.

In Pierce, this Court quoted § 46-11-504, MCA, which we now consider. In Pierce the defendant caused a serious automobile accident and fled the scene. He later pled guilty in justice court to driving under the influence of alcohol. Several days after that plea, Pierce was charged in the state district court with two counts of aggravated assault and one count of failure to stop at the scene of the accident. He pled guilty to the charge of failure to stop and was found guilty of one count of aggravated assault and one count of misdemeanor assault. On appeal Pierce argued that the charges of aggravated assault arose from the same accident as the earlier DUI charge and placed him in double jeopardy. In

7

analysis of that issue, this Court applied the Blockburger rule and allowed the subsequent prosecution. Pierce, 647 P.2d at 850.

We have concluded that Blockburger and Pierce are not controlling in the present case. Blockburger involved two charges filed in the same federal court. Pierce involved charges filed in two different courts of the State of Montana system. In contrast, in the present case the defendant was charged in a district court of the United States and in a district court of the State of Montana and so comes within the express provisions of § 46-11-504(1), MCA, which applies when conduct constitutes an offense within the concurrent jurisdiction of Montana and the United States. That portion of the statute was not involved in either Blockburger or Pierce. We therefore distinguish both of those cases and conclude they are not binding authority in the present case.

Blockburger as rule of law applicable to double jeopardy in Montana, has been applied numerous times in the past to § 46-11-502, MCA. In contrast, § 46-11-504, MCA, grants the defendant greater protection from double jeopardy than provided in Blockburger. If Blockburger were applied to the portion of § 46-11-504, MCA, which applies in the present case the result would be to strip the defendant of the statutory protection granted to him.

We have previously concluded that the federal district court and the state district court had concurrent jurisdiction and that state prosecution would be based on an offense arising out of the same transaction as the federal prosecution. We therefore hold that subsequent prosecution by the State of Montana was barred in this case by § 46-11-504(1), MCA.

In our review of Pierce and that portion of § 46-11-504(1), MCA, applicable to Pierce, we found the statute

8

to be confusing. The portion of § 46-11-504(1), MCA, which applied in _Pierce_ states in substance as follows:

> When conduct constitutes an offense within the <u>concurrent jurisdiction</u> . . . <u>of two courts of</u> <u>separate, overlapping, or concurrent jurisdiction</u> in this state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this state . . . (Emphasis added.)

We are not able to determine if the intention of the legislature was to bar a felony prosecution in district court where there had been a prior misdemeanor prosecution in justice or municipal court. It would be appropriate that the Montana Legislature reconsider the wording of this code section.

We affirm the dismissal of charges against the defendant on the basis of double jeopardy.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9