JUSTICE NELSON
specially concurring.
¶24 I concur in the result of our Opinion, but not with all that is said.
¶25 In State v. Tadewaldt, 277 Mont. 261, 922 P.2d 463 (1996), we analyzed the 1993 version of § 46-11-504, MCA. (Tadewaldt’s offense was committed in August 1994.) The statute then provided, in pertinent part, as follows:
When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or of two courts of separate, overlapping, or concurrent jurisdiction in this state, a prosecution in any other jurisdiction is a bar to a subsequent prosecution in this state under the same circumstances barring further prosecution in this state if:
(1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction;....
Section 46-11-504, MCA(1993). Based on this language, we enunciated the following three-part test:
[A] subsequent prosecution is barred under this statute, by its terms, if the following three factors are met: (1) a defendant’s conduct constitutes an offense within the jurisdiction of the court where the first prosecution occurred and within the jurisdiction of the court where the subsequent prosecution is pursued; (2) the first prosecution results in an acquittal or a conviction; and (3) the subsequent prosecution is based on an offense arising out of the same transaction.
Tadewaldt, 277 Mont. at 264, 922 P.2d at 465.
¶26 In 1997, the Legislature amended § 46-11-504, see Laws of Montana, 1997, Ch. 162, § 1, and the statute has remained unchanged since then. It provides, in pertinent part, as follows:
When conduct constitutes an offense within the jurisdiction of any state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if:
(1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense *339 arising out of the same transaction;....
Section 46-11-504, MCA. Accordingly, a subsequent prosecution was barred in the case at hand if (1) Cech’s conduct constituted an offense within the jurisdiction of the Washington court; (2) the Washington prosecution resulted in an acquittal or a conviction; and (3) the subsequent Montana prosecution is based on an offense arising out of the same transaction.
¶27 The District Court determined that Cech could not satisfy factor (1). Citing State v. Gazda, 2003 MT 350, ¶ 15, 318 Mont. 516, ¶ 15, 82 P.3d 20, ¶ 15, the court opined that “jurisdiction exists in both courts when both jurisdictions have authority to prosecute for the same offense.” The court then proceeded to analyze the offenses of possessing stolen property in the first degree, RCW 9A.56.150(1), and theft, § 45-6-301(1), MCA, and concluded that “[cjlearly, the offenses are not the same.” Thus, the court decided that “concurrent jurisdiction fails because Montana and Washington courts lacked authority to prosecute equivalent offenses based on the same underlying conduct” and Cech, therefore, “fails to satisfy the first factor of the three-part test.”
¶28 In this respect, the District Court unquestionably erred. Nothing in § 46-11-504 states that the offense prosecuted in the first jurisdiction must be “the same” as or “equivalent” to the offense charged in Montana. Again, the statute provides:
When conduct constitutes an offense within the jurisdiction of any state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if:
(1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction;....
Section 46-11-504, MCA (emphases added). The statute does not state in the preliminary language that “a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state for the same or an equivalent offense.” Rather, it unambiguously states that “a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state”-nothing more. Moreover, the statute does not state in subsection (1): “based on the same or an equivalent offense arising out of the same transaction.” Rather, it states: “based on an offense arising out of the same transaction.” Accordingly, there was no requirement that Cech demonstrate, as the District Court required, that “both jurisdictions have authority to prosecute for the same offense,” and I concur in our disagreement with the District Court on this point. See *340 Opinion, ¶ 17.
¶29 That said, the District Court’s analysis was not without support. In Gazda, the State argued that the first Tadewaldt factor was not satisfied in that case because the federal and Montana courts lacked authority to prosecute “equivalent offenses” based on the same underlying conduct. Gazda, ¶ 14. We stated that we “agree[d]” with this contention, Gazda, ¶ 14, noting that “[t]his Court has explicitly held that jurisdiction exists in both courts when both jurisdictions have authority to prosecute for the same offense,” Gazda, ¶ 15 (citing State v. Sword, 229 Mont. 370, 373, 747 P.2d 206, 208 (1987)). We then reasoned that Gazda had not satisfied the first Tadewaldt factor because “[tjhere is no suggestion that the United States could have charged Gazda with deliberate homicide, nor that the State could have charged Gazda with felon in possession, a federal statute with no comparable state statute.” Gazda, ¶ 15.
¶30 This reasoning and the State’s contentions set forth in ¶ 14 of Gazda are plainly unsupportable. As explained above, nothing in § 46-11-504, MCA, required that Gazda be charged by the United States and the State of Montana with “the same” or an “equivalent” offense in order for the statute to apply. In holding to the contrary, we grafted onto § 46-11-504 and the first Tadewaldt factor a requirement that simply does not exist in the language of the statute.
¶31 As support for this rendering of the first Tadewaldt factor, we cited Sword (see Gazda, ¶ 15); however, Sword does not stand for a requirement that the first court and the Montana court have authority to prosecute “the same” or “equivalent” offenses based on the same underlying conduct. After killing a grizzly bear in the Great Bear Wilderness, which at that time was closed to grizzly bear hunting, Sword reported on his trophy license that he had killed the bear in the Bob Marshall Wilderness, which at the time was open to grizzly bear hunting. Sword eventually pleaded guilty in federal court to knowingly possessing, carrying, and transporting a grizzly bear taken unlawfully. He then was charged in state court with subscribing to a materially false statement on an application for a grizzly bear trophy license. See Sword, 229 Mont. at 371-72, 747 P.2d at 207.
¶32 In considering whether § 46-11-504, MCA (1985) barred the Montana prosecution, we first observed that § 46-11-504(1) required answers to two questions: “1) Did Montana and the United States have concurrent jurisdiction? 2) Is the Montana prosecution based on an offense arising out of the same transaction?” Sword, 229 Mont. at 373, *341 747 P.2d at 208.[2] With respect to the first question, we noted that “[i]f the conduct gives rise to an offense chargeable in both jurisdictions, concurrent jurisdiction lies regardless of the particular offense ultimately charged in each jurisdiction.” Sword, 229 Mont. at 373, 747 P.2d at 208 (citing State v. Zimmerman, 175 Mont. 179, 187, 573 P.2d 174, 179 (1977)). Thus, because when Sword killed the bear, transported it from the mountain, made false statements on the trophy application, and stored the hide, his conduct violated both 16 U.S.C. § 1538(a)(1)(G) and § 87-l-102(2)(a), MCA, we concluded that the United States and the State of Montana had concurrent jurisdiction. Sword, 229 Mont. at 373-74, 747 P.2d at 208.
¶33 This was not to say, however, that the first factor is only satisfied when both jurisdictions have authority to prosecute for “the same” or “equivalent” offenses. But even if Sword could be so interpreted to require that the offenses be the same or equivalent in order for concurrent jurisdiction to he, the Legislature deleted the reference to “concurrent” jurisdiction in the 1997 amendment to § 46-11-504, MCA. Compare § 46-11-504, MCA (1997) with § 46-11-504, MCA (1985). Thus, Sword did not support our reasoning in ¶ 15 of Gazda with respect to the first Tadewaldt factor.
¶34 Again, the version of § 46-11-504 at issue in Gazda provides:
‘When conduct constitutes an offense within the jurisdiction of any state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if: (1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction....”
Gazda, ¶ 12 (ellipsis in original) (quoting § 46-11-504, MCA). Nothing in this language requires that the offense prosecuted in the first jurisdiction and the offense charged in Montana be the same or equivalent; the language simply requires that the two offenses-whatever they are-“aris[e] out of the same transaction.” Therefore, the portion of Gazda explaining and applying the first *342 Tadewaldt factor, Gazda, ¶¶ 13-17, is incorrect and should be overruled.[3]
¶35 Unfortunately, in the case at hand, the Court perpetuates our error in Gazda. After disagreeing with the District Court’s conclusion that the first Tadewaldt factor is not satisfied in this case, the Court explains:
We have previously held this factor is satisfied when both jurisdictions have authority to prosecute for the same offense. Sword, 229 Mont. at 373, 747 P.2d at 208. We have further explained that in order to demonstrate that jurisdiction existed in both courts, the defendant must establish that the same conduct subjected him to the “equivalent offense” in each jurisdiction. Gazda, ¶ 14.
Opinion, ¶ 17. The Court goes on to state that “it was not necessary for purposes of the first factor, that [Cech] was actually charged with identical or equivalent offenses, only that his conduct at issue constituted an equivalent offense in both jurisdictions.” Opinion, ¶ 18; see also Opinion, ¶ 22 (referring to “analogous” charges).
¶36 Where does it state in § 46-11-504 that “the same conduct [must have] subjected [the defendant] to the ‘equivalent offense’ in each jurisdiction” or that “[the defendant’s] conduct at issue [must have] constituted an equivalent offense in both jurisdictions”? Nowhere. The statute states that the conduct must have subjected the defendant to “an offense” in the state or federal jurisdiction and “an offense” in Montana “arising out of the same transaction.” Section 46-11-504(1), MCA. While the transaction must be “the same,” the prosecuted and now-charged offenses need not be “the same,” or even “equivalent” or “analogous.” Pursuant to the unambiguous language of the statute, they must simply arise out of the same transaction.
¶37 Accordingly, I believe the Court errs in stating that a defendant must establish that the same conduct subjected him to the “equivalent offense” in each jurisdiction and that the defendant’s conduct at issue must have constituted an “equivalent offense” in both jurisdictions. Opinion, ¶¶ 17, 18. The plain language of the statute contains no requirement that the two offenses be “equivalent,” much less “the same,” and courts ought not to add such terms to the language selected *343 by the Legislature. Section 1-2-101, MCA (“In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.”).
¶38 For this reason, I also cannot agree with the Court’s reasoning in ¶ 18. The first factor is satisfied here not because “Cech’s conduct ... subjected him to ‘equivalent offenses’ in both [Washington and Montana].” Rather, this factor is satisfied because Cech’s conduct of controlling a stolen vehicle constituted an offense in Washington (possessing stolen property in the first degree, RCW 9A.56.150(1)) and an offense in Montana (theft, § 45-6-301(1), MCA).
¶39 In sum, I believe that our explanation and application of the first Tadewaldt factor in ¶¶ 13-17 of Gazda is erroneous and should be overruled. Thus, I cannot agree with the Court’s analysis of that factor in ¶¶ 17-18 of today’s Opinion, which relies on and continues our error in Gazda. With that exception, I otherwise concur in the Court’s analysis. Furthermore, I concur in the Court’s ultimate conclusions that all three Tadewaldt factors are met here and that § 46-11-504, MCA, bars the State of Montana from prosecuting Cech for theft.

 Section 46-11-504(1), MCA (1985) provides as follows:
When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or of two courts of separate, overlapping, or concurrent jurisdiction in this state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this state under the following circumstances:
(1) The first prosecution resulted in an acquittal or in a conviction as defined in 46-11-503 and the subsequent prosecution is based on an offense arising out of the same transaction.

 We went on in Gazda to hold that the third Tadewaldt factor had not been met because the conduct underlying Gazda’s federal conviction was distinct from the conduct underlying the charged offense in the Montana court-i.e., the offenses did not arise out of the same transaction. See Gazda, ¶¶ 18-24. Thus, our factor (1) analysis, though erroneous, did not change the result on the double jeopardy issue.