DA 06-0111

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 184

STATE OF MONTANA,

   Plaintiff and Respondent,

  v.

CASEY LEE CECH,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Twenty-First Judicial District,
        In and For the County of Ravalli, Cause No. DC-05-111
        Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Jeffrey T. Renz and Daniela E. Pavuk, Intern, School of Law,
      University of Montana, Missoula, Montana

   For Respondent:

      Honorable Mike McGrath, Attorney General; Ilka Becker,
      Assistant Attorney General, Helena, Montana

      George H. Corn, County Attorney; Geoffrey Mahar, Chief
      Deputy County Attorney, Hamilton, Montana

          Submitted on Briefs:  January 10, 2007

              Decided:  August 6, 2007

Filed:

          _____
               Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Appellant Casey Cech (Cech) appeals from the order of the Twenty-First Judicial District Court, Ravalli County, denying his motion to dismiss on grounds of double jeopardy.  We reverse.

¶2     We consider the following issue on appeal:

¶3     Did the District Court err by ruling that Cech's conviction of possession of stolen property in Washington did not bar a subsequent prosecution for theft of the property in Montana?

## BACKGROUND

¶4     On October 15, 2004, Cech test-drove a silver 2001 Honda Accord, reportedly valued at $25,000, belonging to SFE Auto Sales (SFE) of Corvallis, Montana.  Cech failed to return the vehicle, and SFE reported the theft.  On October 17, 2004, the Ravalli County Sheriff's Office learned from the Grant County Sheriff's Office in Ephrata, Washington, that the stolen vehicle had been recovered and that Cech, who was driving the vehicle, had been arrested and charged under Washington law.

¶5     On January 18, 2005, Cech was convicted in Washington of assault in the third degree, attempting to elude pursuing police vehicle, and, with regard to the stolen Honda, possessing stolen property in the first degree.  Cech was sentenced to sixteen months in jail in Grant County, Washington.  On June 28, 2005, Cech was charged by information in the Twenty-First Judicial District Court, Ravalli County, with felony theft in violation of § 45-6-301, MCA.  The information alleged Cech "purposely or knowingly obtained

2

or exerted unauthorized control over a vehicle belonging to SFE Auto Sales . . . ." At his initial appearance on July 20, 2005, Cech entered a plea of not guilty.

¶6 On August 29, 2005, Cech filed a motion to dismiss on grounds of double jeopardy, which the District Court denied. Thereafter, Cech changed his plea to guilty pursuant to a plea bargain agreement which did not reserve, under § 46-12-204(3), MCA, Cech's right to appeal the double jeopardy issue. Cech was sentenced to serve ten years in the Montana State Prison. He appeals.

## STANDARD OF REVIEW

¶7 A district court's denial of a defendant's motion to dismiss a charge on the basis of double jeopardy presents a question of law that this Court reviews for correctness. *State v. Beavers*, 1999 MT 260, ¶ 21, 296 Mont. 340, ¶ 21, 987 P.2d 371, ¶ 21.

## DISCUSSION

**¶8 Did the District Court err by ruling that Cech's conviction of possession of stolen property in Washington did not bar a subsequent prosecution for theft of the property in Montana?**

¶9 As a preliminary matter, Cech offers that his appeal is properly before this Court even though he did not reserve this issue for appeal when he entered his guilty plea because, while a voluntary guilty plea usually constitutes a waiver of non-jurisdictional defects and defenses that occurred prior to the plea, the issue he raises is a jurisdictional one which cannot be waived, citing *Hagan v. State*, 265 Mont. 31, 873 P.2d 1385 (1994). In *Hagan*, we stated that "[i]t is well established that a plea of guilty which is voluntary and understandingly made constitutes a waiver of nonjurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea." *Hagan*,

3

265 Mont. at 35, 873 P.2d at 1387. We further explained that the jurisdictional grounds exception applies to "those cases in which the district court could determine that the government lacked the power to bring the indictment *at the time of accepting the guilty plea from the face of the indictment or from the record*." *Hagan*, 265 Mont. at 36, 873 P.2d at 1388 (quoting *U.S. v. Cortez*, 973 F.2d 764, 767 (9th Cir. 1992).

¶10    Applying this standard to a double jeopardy issue in *Stilson v. State*, 278 Mont. 20, 924 P.2d 238 (1996), which had not been raised prior to Stilson's guilty plea, we reasoned as follows:

> [W]e conclude that at the time the Eighth Judicial District Court accepted Stilson's guilty plea the record before it contained his two prior convictions and was sufficient for the court to determine whether the government lacked the power to bring the charges at issue due to the constitutional prohibitions against placing a person twice in jeopardy. We conclude that Stilson has not waived his double jeopardy claim and therefore proceed to address the merits of his claim.

*Stilson*, 278 Mont. at 22-23, 924 P.2d at 239. The State offers no substantive argument on this issue, and we note that, when Cech pled guilty, the District Court had before it a copy of the pre-sentence investigation report prepared for Cech's previous sentencing in Washington State. As in *Stilson*, the record before the District Court at the time it accepted Cech's guilty plea was sufficient for the court to determine whether the government lacked the power to bring the charges at issue due to the constitutional prohibitions against double jeopardy. We therefore conclude that Cech has not waived his double jeopardy claim and that it is properly before the Court.

¶11    Cech argues that the District Court's order should be reversed because Cech's prosecution for theft in Montana was barred on double jeopardy grounds as a result of his

4

conviction for possession of stolen property in Washington. Cech contends that his prosecution was barred under (1) Montana's double jeopardy statute, § 46-11-504, MCA; (2) the double jeopardy clause of the Fifth Amendment to the United States Constitution, because the theft offense has the same elements as the Washington possession of stolen property offense, thus satisfying the elements test set out in *Blockburger v. U.S.*, 284 U.S. 299, 52 S. Ct. 180 (1932); and (3) Article II, Section 25, of the Montana Constitution.

¶12     The State responds that its prosecution of theft of the vehicle was not precluded by Washington's previous prosecution under any of Cech's three theories because (1) Cech cannot establish elements one and three of the Montana statute's double jeopardy test as set forth in *State v. Tadewaldt*, 277 Mont. 261, 264, 922 P.2d 463, 465 (1996); (2) under the dual sovereignty doctrine as defined by the United States Supreme Court, Cech committed two distinct offenses when he stole a vehicle in Montana and then possessed that vehicle in Washington; and (3) Cech was not subjected to the multiple prosecutions for the same offense which is prohibited under the Montana Constitution. Because we conclude that Cech's first argument, under Montana statute, is meritorious, we do not reach the second and third arguments.

¶13     Section 46-11-504(1), MCA, provides:

> **Former prosecution in another jurisdiction**. When conduct constitutes an offense within the jurisdiction of any state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if: (1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction . . . .

5

We have noted that this statute provides criminal defendants with greater protection against double jeopardy than under the United States Supreme Court's application of the federal constitutional prohibition in *Blockburger*, 284 U.S. 299, 52 S. Ct. 180. *Tadewaldt*, 277 Mont. at 268, 922 P.2d at 467; *State v. Sword*, 229 Mont. 370, 747 P.2d 206 (1987). In *Tadewaldt*, this Court deduced a three-part test from the statute to determine whether a subsequent prosecution is barred, setting forth the factors as follows:

> (1) a defendant's conduct constitutes an offense within the jurisdiction of the court where the first prosecution occurred and within the jurisdiction of the court where the subsequent prosecution is pursued;

> (2) the first prosecution resulted in an acquittal or a conviction; and

> (3) the subsequent prosecution is based on an offense arising out of the same transaction [as that term is defined in § 46-1-202(23), MCA].

*Tadewaldt*, 277 Mont. at 264, 922 P.2d at 465. "Due to the conjunctive nature of the statute, all three factors must be met in order to bar subsequent prosecution." *State v. Gazda*, 2003 MT 350, ¶ 12, 318 Mont. 516, ¶ 12, 82 P.3d 20, ¶ 12.

¶14 Washington charged Cech, with regard to the Honda, with possession of stolen property in the first degree in violation of R.C.W. § 9A.56.150. That statute provides that "[a] person is guilty of possessing stolen property in the first degree if he or she possesses stolen property . . . which exceeds one thousand five hundred dollars in value." R.C.W. § 9A.56.150.

> "Possessing stolen property" means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.

6

R.C.W. § 9A.56.140. "'Stolen' means obtained by theft, robbery, or extortion[.]" R.C.W. § 9A.56.010(14). In turn, "theft" means "[t]o wrongfully obtain or exert unauthorized control over the property or services of another . . . with intent to deprive him or her of such property or services. . . ." R.C.W. § 9A.56.020(1)(a).

¶15 Montana subsequently charged Cech with theft, in violation of § 45-6-301(1), MCA, which provides in relevant part:

> **Theft**. (1) A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
> (a) has the purpose of depriving the owner of the property;
> (b) purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or
> (c) uses, conceals, or abandons the property knowing that the use, concealment, or abandonment probably will deprive the owner of the property . . . .

"Obtains or exerts control" includes "the taking, the carrying away, or the sale, conveyance, or transfer of title to, interest in, or possession of property." Section 45-2-101(46), MCA.

¶16 Applying the three-factor *Tadewaldt* test, the District Court determined that Cech's claim failed under the first factor because there was not concurrent jurisdiction over Cech's conduct:

> Clearly, the offenses are not the same, nor is possession of property an element of Theft under Mont. Code Ann. § 45-2-301(1). The State of Washington did not have the authority to prosecute Cech for the same offense he was charged with in Montana because no taking, carrying away, or sale, conveyance, or transfer of property is alleged to have occurred in the State of Washington. Therefore, concurrent jurisdiction fails because Montana and Washington courts lacked authority to prosecute equivalent offenses based on the same underlying conduct. [Citation omitted.] Cech, therefore, fails to satisfy the first factor of the three-part test which must be

7

met in order to bar prosecution on the basis of double jeopardy. Because all three factors have to be met in order to bar the subsequent prosecution, the Court need not consider the remaining factors.

¶17 We must disagree with the District Court's conclusion under the first *Tadewaldt* factor. We have previously held this factor is satisfied when both jurisdictions have authority to prosecute for the same offense. *Sword*, 229 Mont. at 373, 747 P.2d at 208. We have further explained that in order to demonstrate that jurisdiction existed in both courts, the defendant must establish that the same conduct subjected him to the "equivalent offense" in each jurisdiction. *Gazda*, ¶ 14.

¶18 Cech was not charged with the identical offense in both states, but it was not necessary, for purposes of the first factor, that he was actually charged with identical or equivalent offenses, only that his conduct at issue constituted an equivalent offense in both jurisdictions. The Washington charge was founded upon his unlawful possession of the same vehicle he was charged with stealing in Montana, following his driving of that vehicle to Washington, which charge alleged, pursuant to the elements and definitions set forth above, that Cech had "exerted unauthorized control over property of another . . . with intent to deprive" the owner of such property in Washington. In addition to that charge, Washington also had the authority under its statutes to charge Cech with the offense of "Theft in the first degree" for "wrongfully obtain[ing] or exert[ing] unauthorized control over the property or services of another . . . with intent to deprive him or her of such property or services . . . ." R.C.W. §§ 9A.56.030 and 9A.56.020(1)(a). Similarly, Montana had the authority to charge, and did charge, Cech with theft of the vehicle under § 45-6-301, MCA, alleging he had "knowingly obtain[ed] or exert[ed]

8

unauthorized control over property of the owner" with "the purpose of depriving the owner of the property." While, as the District Court pointed out, the elements of the charges actually brought in Washington and Montana may not have been identical, nonetheless it is our conclusion that Cech's conduct had subjected him to "equivalent offenses" in both jurisdictions and thus satisfied the first *Tadewaldt* factor.[1] The second factor is satisfied as well, since Cech was convicted of possession of stolen property in the State of Washington.

¶19 The third factor requires the subsequent prosecution of an offense arising out of the "same transaction" as the first prosecution. "Same transaction" is defined as "conduct consisting of a series of acts or omissions that are motivated by: (a) a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective . . . ." Section 46-1-202(23), MCA. Offenses arise from the same transaction when "a defendant's underlying conduct of each prosecution is motivated by a purpose to accomplish the same criminal objective." *Gazda*, ¶ 20 (citing *Sword*, 229 Mont. at 374, 747 P.2d at 208-09).

¶20 In *Sword*, the United States charged the defendant with violating the Endangered Species Act of 1973 when he killed a bear in an area where bear hunting was not permitted. The defendant later pled guilty. Subsequently, the State of Montana charged him for making false statements on his application for a trophy license to transport the bear. After considering Sword's conduct that served as the basis of his federal charge—

---

[1]We acknowledge the alternative analysis under the first factor offered by the concurrence, but decline to adopt it.

"possessing, carrying, and transporting of a bear taken unlawfully"—we concluded that his state charge arose out of the same transaction:

> The trophy license authorized him to possess and transport the trophy. Thus, his false statements as well as his other acts were motivated and necessary or at least incidental to the accomplishment of the criminal objective of possessing, carrying, and transporting of a grizzly bear taken unlawfully. Clearly the Montana prosecution is based on an offense arising out of the same transaction . . . .

*Sword*, 229 Mont. at 374, 747 P.2d at 209. Therefore, Sword's conduct fell within the definition of "same transaction," and double jeopardy barred the State from prosecuting Sword subsequent to the federal conviction. *Sword*, 229 Mont. at 374, 747 P.2d at 209.

¶21 Cech also relies on *State v. Hernandez*, 213 Mont. 221, 689 P.2d 1261 (1984). In *Hernandez*, the defendant was convicted of burglary and theft of coins from a residence. While on probation, the defendant sold some of these same coins. He was then charged with violation of § 45-6-301(3)(b), MCA, for receiving stolen property. This Court held that the two convictions—the initial theft and the later sale of stolen property—"clearly arose from the same transaction" because the convictions stemmed from the same initial taking of the coins and, consequently, the second prosecution was barred by the prior conviction. *Hernandez*, 213 Mont. at 223, 689 P.2d at 1262.

¶22 We reach the same conclusion here. Cech's underlying conduct which served as a basis for both prosecutions sought to accomplish the same criminal objective—control of the stolen vehicle—leading to the filing of analogous charges directed at such conduct in both states. Cech could not have been charged with possession of the stolen vehicle in Washington had he not first stolen the Honda in Montana and taken it to Washington.

10

Cech's asserted motivation, that of "knowingly . . . withhold[ing] or appropriate[ing]" the Honda "to the use of any person other than the true owner or person entitled thereto," R.C.W. § 9A.56.140, or of "depriving the owner of the property" under § 45-6-301(1)(a), MCA, was the same. Thus, these charges arose out of the same transaction.

¶23 We conclude that all three *Tadewaldt* factors are met, and that § 46-11-504, MCA, therefore bars the subsequent prosecution for theft in Montana. The decision of the District Court is reversed and this matter is remanded for dismissal of the charge.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

Justice James C. Nelson, specially concurring.

¶24 I concur in the result of our Opinion, but not with all that is said.

¶25 In *State v. Tadewaldt*, 277 Mont. 261, 922 P.2d 463 (1996), we analyzed the 1993 version of § 46-11-504, MCA. (Tadewaldt's offense was committed in August 1994.) The statute then provided, in pertinent part, as follows:

> When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or of two courts of separate, overlapping, or concurrent jurisdiction in this state, a prosecution in any other jurisdiction is a bar to a subsequent prosecution in this state under the same circumstances barring further prosecution in this state if:
> (1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction; . . . .

11

Section 46-11-504, MCA (1993).  Based on this language, we enunciated the following

three-part test:

> [A] subsequent prosecution is barred under this statute, by its terms, if the
> following three factors are met:  (1) a defendant's conduct constitutes an
> offense within the jurisdiction of the court where the first prosecution
> occurred and within the jurisdiction of the court where the subsequent
> prosecution is pursued; (2) the first prosecution results in an acquittal or a
> conviction; and (3) the subsequent prosecution is based on an offense
> arising out of the same transaction.

*Tadewaldt*, 277 Mont. at 264, 922 P.2d at 465.

¶26     In 1997, the Legislature amended § 46-11-504, *see* Laws of Montana, 1997, Ch.

162, § 1, and the statute has remained unchanged since then.  It provides, in pertinent

part, as follows:

> When conduct constitutes an offense within the jurisdiction of any
> state or federal court, a prosecution in any jurisdiction is a bar to a
> subsequent prosecution in this state if:
> (1) the first prosecution resulted in an acquittal or in a conviction
> and the subsequent prosecution is based on an offense arising out of the
> same transaction; . . . .

Section 46-11-504, MCA.  Accordingly, a subsequent prosecution was barred in the case

at hand if (1) Cech's conduct constituted an offense within the jurisdiction of the

Washington court; (2) the Washington prosecution resulted in an acquittal or a

conviction; and (3) the subsequent Montana prosecution is based on an offense arising

out of the same transaction.

¶27     The District Court determined that Cech could not satisfy factor (1).  Citing *State

v. Gazda*, 2003 MT 350, ¶ 15, 318 Mont. 516, ¶ 15, 82 P.3d 20, ¶ 15, the court opined

that "jurisdiction exists in both courts when both jurisdictions have authority to prosecute

12

for the <u>same</u> offense." The court then proceeded to analyze the offenses of possessing stolen property in the first degree, RCW 9A.56.150(1), and theft, § 45-6-301(1), MCA, and concluded that "[c]learly, the offenses are <u>not</u> the same." Thus, the court decided that "concurrent jurisdiction fails because Montana and Washington courts lacked authority to prosecute equivalent offenses based on the same underlying conduct" and Cech, therefore, "fails to satisfy the first factor of the three-part test."

¶28    In this respect, the District Court unquestionably erred. Nothing in § 46-11-504 states that the offense prosecuted in the first jurisdiction must be "the same" as or "equivalent" to the offense charged in Montana. Again, the statute provides:

> When conduct constitutes *an offense* within the jurisdiction of any state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if:
> (1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on *an offense* arising out of the same transaction; . . . .

Section 46-11-504, MCA (emphases added). The statute does not state in the preliminary language that "a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state *for the same or an equivalent offense*." Rather, it unambiguously states that "a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state"—nothing more. Moreover, the statute does not state in subsection (1): "based on *the same or an equivalent* offense arising out of the same transaction." Rather, it states: "based on *an* offense arising out of the same transaction." Accordingly, there was no requirement that Cech demonstrate, as the District Court required, that "both jurisdictions have authority

13

to prosecute for the <u>same</u> offense," and I concur in our disagreement with the District Court on this point. *See* Opinion, ¶ 17.

¶29    That said, the District Court's analysis was not without support. In *Gazda*, the State argued that the first *Tadewaldt* factor was not satisfied in that case because the federal and Montana courts lacked authority to prosecute "equivalent offenses" based on the same underlying conduct. *Gazda*, ¶ 14. We stated that we "agree[d]" with this contention, *Gazda*, ¶ 14, noting that "[t]his Court has explicitly held that jurisdiction exists in both courts when both jurisdictions have authority to prosecute for the same offense," *Gazda*, ¶ 15 (citing *State v. Sword*, 229 Mont. 370, 373, 747 P.2d 206, 208 (1987)). We then reasoned that Gazda had not satisfied the first *Tadewaldt* factor because "[t]here is no suggestion that the United States could have charged Gazda with deliberate homicide, nor that the State could have charged Gazda with felon in possession, a federal statute with no comparable state statute." *Gazda*, ¶ 15.

¶30    This reasoning and the State's contentions set forth in ¶ 14 of *Gazda* are plainly unsupportable. As explained above, nothing in § 46-11-504, MCA, required that Gazda be charged by the United States and the State of Montana with "the same" or an "equivalent" offense in order for the statute to apply. In holding to the contrary, we grafted onto § 46-11-504 and the first *Tadewaldt* factor a requirement that simply does not exist in the language of the statute.

¶31    As support for this rendering of the first *Tadewaldt* factor, we cited *Sword* (*see Gazda*, ¶ 15); however, *Sword* does not stand for a requirement that the first court and the Montana court have authority to prosecute "the same" or "equivalent" offenses based on

14

the same underlying conduct. After killing a grizzly bear in the Great Bear Wilderness, which at that time was closed to grizzly bear hunting, Sword reported on his trophy license that he had killed the bear in the Bob Marshall Wilderness, which at the time was open to grizzly bear hunting. Sword eventually pleaded guilty in federal court to knowingly possessing, carrying, and transporting a grizzly bear taken unlawfully. He then was charged in state court with subscribing to a materially false statement on an application for a grizzly bear trophy license. *See Sword*, 229 Mont. at 371-72, 747 P.2d at 207.

¶32     In considering whether § 46-11-504, MCA (1985) barred the Montana prosecution, we first observed that § 46-11-504(1) required answers to two questions: "1) Did Montana and the United States have concurrent jurisdiction? 2) Is the Montana prosecution based on an offense arising out of the same transaction?" *Sword*, 229 Mont. at 373, 747 P.2d at 208.[2] With respect to the first question, we noted that "[i]f the conduct gives rise to an offense chargeable in both jurisdictions, concurrent jurisdiction lies regardless of the particular offense ultimately charged in each jurisdiction." *Sword*, 229 Mont. at 373, 747 P.2d at 208 (citing *State v. Zimmerman*, 175 Mont. 179, 187, 573

---

[2] Section 46-11-504(1), MCA (1985) provides as follows:

When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or of two courts of separate, overlapping, or concurrent jurisdiction in this state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this state under the following circumstances:
(1) The first prosecution resulted in an acquittal or in a conviction as defined in 46-11-503 and the subsequent prosecution is based on an offense arising out of the same transaction.

P.2d 174, 179 (1977)). Thus, because when Sword killed the bear, transported it from the mountain, made false statements on the trophy application, and stored the hide, his conduct violated both 16 U.S.C. § 1538(a)(1)(G) and § 87-1-102(2)(a), MCA, we concluded that the United States and the State of Montana had concurrent jurisdiction. *Sword*, 229 Mont. at 373-74, 747 P.2d at 208.

¶33 This was not to say, however, that the first factor is *only* satisfied when both jurisdictions have authority to prosecute for "the same" or "equivalent" offenses. But even if *Sword* could be so interpreted to require that the offenses be the same or equivalent in order for concurrent jurisdiction to lie, the Legislature deleted the reference to "concurrent" jurisdiction in the 1997 amendment to § 46-11-504, MCA. *Compare* § 46-11-504, MCA (1997) *with* § 46-11-504, MCA (1985). Thus, *Sword* did not support our reasoning in ¶ 15 of *Gazda* with respect to the first *Tadewaldt* factor.

¶34 Again, the version of § 46-11-504 at issue in Gazda provides:

> "When conduct constitutes an offense within the jurisdiction of any state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if: (1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction . . . ."

*Gazda*, ¶ 12 (ellipsis in original) (quoting § 46-11-504, MCA). Nothing in this language requires that the offense prosecuted in the first jurisdiction and the offense charged in Montana be the same or equivalent; the language simply requires that the two offenses— whatever they are—"aris[e] out of the same transaction." Therefore, the portion of

16

*Gazda* explaining and applying the first *Tadewaldt* factor, *Gazda*, ¶¶ 13-17, is incorrect and should be overruled.[3]

¶35　Unfortunately, in the case at hand, the Court perpetuates our error in *Gazda*. After disagreeing with the District Court's conclusion that the first *Tadewaldt* factor is not satisfied in this case, the Court explains:

> We have previously held this factor is satisfied when both jurisdictions have authority to prosecute for the same offense. *Sword*, 229 Mont. at 373, 747 P.2d at 208. We have further explained that in order to demonstrate that jurisdiction existed in both courts, the defendant must establish that the same conduct subjected him to the "equivalent offense" in each jurisdiction. *Gazda*, ¶ 14.

Opinion, ¶ 17. The Court goes on to state that "it was not necessary for purposes of the first factor, that [Cech] was actually charged with identical or equivalent offenses, only that his conduct at issue constituted an equivalent offense in both jurisdictions." Opinion, ¶ 18; *see also* Opinion, ¶ 22 (referring to "analogous" charges).

¶36　Where does it state in § 46-11-504 that "the same conduct [must have] subjected [the defendant] to the 'equivalent offense' in each jurisdiction" or that "[the defendant's] conduct at issue [must have] constituted an equivalent offense in both jurisdictions"? Nowhere. The statute states that the conduct must have subjected the defendant to "an offense" in the state or federal jurisdiction and "an offense" in Montana "arising out of the same transaction." Section 46-11-504(1), MCA. While the transaction must be "the

---

[3] We went on in *Gazda* to hold that the third *Tadewaldt* factor had not been met because the conduct underlying Gazda's federal conviction was distinct from the conduct underlying the charged offense in the Montana court—i.e., the offenses did not arise out of the same transaction. *See Gazda*, ¶¶ 18-24. Thus, our factor (1) analysis, though erroneous, did not change the result on the double jeopardy issue.

same," the prosecuted and now-charged offenses need not be "the same," or even "equivalent" or "analogous." Pursuant to the unambiguous language of the statute, they must simply arise out of the same transaction.

¶37 Accordingly, I believe the Court errs in stating that a defendant must establish that the same conduct subjected him to the "equivalent offense" in each jurisdiction and that the defendant's conduct at issue must have constituted an "equivalent offense" in both jurisdictions. Opinion, ¶¶ 17, 18. The plain language of the statute contains no requirement that the two offenses be "equivalent," much less "the same," and courts ought not to add such terms to the language selected by the Legislature. Section 1-2-101, MCA ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.").

¶38 For this reason, I also cannot agree with the Court's reasoning in ¶ 18. The first factor is satisfied here not because "Cech's conduct . . . subjected him to 'equivalent offenses' in both [Washington and Montana]." Rather, this factor is satisfied because Cech's conduct of controlling a stolen vehicle constituted an offense in Washington (possessing stolen property in the first degree, RCW 9A.56.150(1)) and an offense in Montana (theft, § 45-6-301(1), MCA).

¶39 In sum, I believe that our explanation and application of the first *Tadewaldt* factor in ¶¶ 13-17 of *Gazda* is erroneous and should be overruled. Thus, I cannot agree with the Court's analysis of that factor in ¶¶ 17-18 of today's Opinion, which relies on and continues our error in *Gazda*. With that exception, I otherwise concur in the Court's

18

analysis. Furthermore, I concur in the Court's ultimate conclusions that all three *Tadewaldt* factors are met here and that § 46-11-504, MCA, bars the State of Montana from prosecuting Cech for theft.

/S/ JAMES C. NELSON