DA 07-0136

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 379

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JAMES CURTIS MAKI,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-06-523
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender; David Avery, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Hon. Mike McGrath, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

            Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  March 26, 2008

Decided:  November 18, 2008

Filed:

_____
                         Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      James Curtis Maki appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, on his guilty pleas to the felony offenses of criminal possession of dangerous drugs and criminal possession of precursors.  We affirm.

¶2      The issue on appeal is whether the District Court erred by denying Maki's motion to dismiss the charges on double jeopardy grounds.

## BACKGROUND

¶3      Due in part to the manner in which this case proceeded in the District Court, the factual record before us is rather undeveloped.  The parties do not dispute, however, that Maki was convicted in 1991 of five offenses in federal court and sentenced to a term of imprisonment, followed by a term of federal supervised release.  In January of 2006, Maki was serving the term of federal supervised release when federal probation officers, assisted by a detective from the Missoula County Sheriff's Office, located and seized a plastic baggie of methamphetamine and various items identified as precursors to the manufacture of methamphetamine at Maki's residence.

¶4      In February of 2006, the United States District Court for the District of Montana entered a judgment entitled "JUDGMENT IN A CRIMINAL CASE (For **Revocation** of Probation or Supervised Release)."  The federal revocation judgment indicates that Maki admitted violating two conditions of his term of supervised release, described as "Standard Condition #7 (possess/use of marijuana and meth.)" and "violation of state/fed laws (mfg./distrib. marijuana/meth)."  The federal court committed Maki to the custody of the

United States Bureau of Prisons to be imprisoned for 50 months on each of the 5 charges in the underlying case, to be served concurrently, followed by supervised release for 10 months on each of the 5 charges, to be served concurrently.

¶5     In December of 2006, the State of Montana charged Maki by information with the felony offenses of criminal possession of dangerous drugs and criminal possession of precursors.  The charges were based on the evidence seized during the search of Maki's residence in January of 2006.  Maki pled not guilty.

¶6     In January of 2007, Maki moved to dismiss the charges on double jeopardy grounds, pursuant to § 46-11-504, MCA, and Article II, Section 25 of the Montana Constitution.  Maki attached the federal revocation judgment from February of 2006.  He asserted he would face double punishment for the same conduct that formed the basis for the federal revocation if the prosecution continued.  The State responded.

¶7     The District Court denied Maki's motion at a hearing.  The court reasoned Maki had not faced new charges in the federal court, and double jeopardy did not apply with respect to the federal court's earlier use of Maki's possession of the items seized in January of 2006 as a basis for revocation.

¶8     Maki and the State entered into a plea agreement under which Maki would plead guilty to the two drug offenses in exchange for the State's recommendation for, among other things, sentences of 4 years commitment to the Department of Corrections and 15 years commitment to the Department of Corrections with 10.5 years suspended, to run concurrently to each other and to the sentence imposed upon his federal revocation.  The

3

District Court accepted Maki's guilty pleas, and entered judgment and sentence in accordance with the parties' plea agreement. Maki appeals.

## STANDARD OF REVIEW

¶9 A district court's denial of a defendant's motion to dismiss a criminal charge on double jeopardy grounds presents a question of law that we review for correctness. *State v. Cech*, 2007 MT 184, ¶ 7, 338 Mont. 330, ¶ 7, 167 P.3d 389, ¶ 7 (citation omitted).

## DISCUSSION

¶10 ***Did the District Court err by denying Maki's motion to dismiss the charges on double jeopardy grounds?***

¶11 In an ordinary criminal case, the entry of a voluntary guilty plea constitutes a waiver of all nonjurisdictional defects and defenses, including claims of constitutional rights violations which occurred prior to the plea. *See State v. Kelsch*, 2008 MT 339, ¶ 8, 346 Mont. 260, ¶ 8, ___ P.3d ___, ¶ 8 (citations omitted). With the consent of the prosecutor and the approval of the court, however, a defendant may enter a plea of guilty or nolo contendere, reserving the right to appeal the adverse determination of any specified pretrial motion. *See Kelsch*, ¶ 9 (citing § 46-12-204(3), MCA). Here, Maki entered into a plea agreement that did not reserve the right to appeal from the adverse determination of his motion to dismiss on double jeopardy grounds, and nothing else of record reflects a reserved right to appeal any matter.

¶12 Maki asserts as a threshold matter that, pursuant to *Cech*, he may raise this double jeopardy issue on appeal despite his failure to reserve the right to appeal in the District Court. In *Cech*, ¶¶ 9-10 (citations omitted), we applied a limited "jurisdictional grounds

4

exception" utilized by the Court of Appeals for the Ninth Circuit in concluding the defendant who had pled guilty did not waive his double jeopardy assertion—despite failing to reserve the issue for appeal—because the record before the district court was sufficient for the court to determine whether the State lacked power to bring the charges at issue in light of constitutional prohibitions against double jeopardy.

¶13 In response, the State observes only that Maki did not reserve the right to appeal in the District Court. It does not offer substantive argument regarding either Maki's position that he is entitled to raise this issue despite his failure to reserve the right to appeal in the District Court, or his reliance on *Cech*. Thus, we conclude the State has conceded that this issue is properly before us.

¶14 Maki asserts his state prosecution for felony charges is barred under § 46-11-504, MCA, or Article II, Section 25 of the Montana Constitution. We address these assertions in turn.

¶15 Section 46-11-504, MCA, provides in pertinent part that "[w]hen conduct constitutes an offense within the jurisdiction of any state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if: (1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction[.]" This statutory "multiple prosecutions" provision applies if

> (1) a defendant's conduct constitutes an offense within the jurisdiction of the court where the first prosecution occurred and within the jurisdiction of the court where the subsequent prosecution is pursued;

5

(2) the first prosecution resulted in an acquittal or a conviction; and

(3) the subsequent prosecution is based on an offense arising out of the same transaction.

*Cech*, ¶ 13 (citation omitted).

¶16　Maki makes brief assertions that the first and third prongs of the *Cech* analysis were met, and the State does not directly address those assertions. Regarding the second prong, Maki concedes the federal revocation for possessing the methamphetamine and precursors was neither a "prosecution" nor a "conviction." He asserts, however, that we must decide whether the revocation of his federal supervised release and corresponding 50-month federal imprisonment satisfy the second prong, and contends the second prong should be satisfied whenever a defendant is merely subject to prosecution and imprisoned pursuant to any form of proceeding.

¶17　In construing a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. *See* § 1-2-101, MCA; *State v. Mainwaring*, 2007 MT 14, ¶ 15, 335 Mont. 322, ¶ 15, 151 P.3d 53, ¶ 15 (citation omitted). As noted above, § 46-11-504, MCA, states in part that a "prosecution" in any jurisdiction bars a subsequent prosecution in Montana if the "first prosecution resulted in an acquittal or in a conviction." Nothing of record suggests that Maki's federal revocation proceeding constituted a "prosecution" and, as noted above, Maki concedes it was not. We conclude that the revocation of Maki's federal supervised release was not a prosecution as contemplated in § 46-11-504, MCA, and, therefore, the statute did not bar the State's prosecution of Maki for felony drug charges.

¶18 Purportedly as part of his statutory argument, Maki also asserts that double jeopardy applies to "multiple punishments." In support, he advances *State v. Guillaume*, 1999 MT 29, ¶ 19, 293 Mont. 224, ¶ 19, 975 P.2d 312, ¶ 19. *Guillaume* did not discuss multiple punishments in relation to § 46-11-504, MCA, however; it discussed multiple punishments in relation to the constitutional provision we address further below.

¶19 Maki's constitutional argument is based on Article II, Section 25 of the Montana Constitution, which states in pertinent part that "[n]o person shall be again put in jeopardy for the same offense previously tried in any jurisdiction." Maki observes our determination in *Guillaume* that Article II, Section 25 provides greater protection against multiple punishments for the same offense than does the Fifth Amendment to the United States Constitution. *See Guillaume*, ¶ 16. He also points to our statement in *Guillaume*, ¶ 17, that "[w]e are guided by the fundamental principle embodied in double jeopardy. Simply put, double jeopardy exemplifies the legal and moral concept that no person should suffer twice for a single act." On these bases, he asserts Article II, Section 25 bars his state prosecution because he was punished via his federal revocation for possessing the very methamphetamine and precursors leading to the charges filed by the State.

¶20 The entire constitutional and above-referenced statutory "multiple punishments" argument in Maki's opening brief is under two pages long and based solely on *Guillaume*. Our holding in *Guillaume* was that the double jeopardy provision of the Montana Constitution prohibited a weapon enhancement when the use of a weapon was an element of the underlying offense—a conclusion which does not relate in any way to revocation

7

proceedings. *See Guillaume*, ¶ 16. Absent authorities other than *Guillaume* or developed argument relating *Guillaume* to the issue presented here, we reject Maki's unsupported assumption that his federal revocation constituted a "punishment" for purposes of double jeopardy analysis under Article II, Section 25 of the Montana Constitution.

¶21 Maki also advances a number of arguments in his reply brief. Having considered them, we conclude that—with one exception—we need not address them.

¶22 We do address, briefly, one point raised in Maki's reply brief. Maki advances certain language from *State v. Walker*, 2001 MT 170, ¶ 12, 306 Mont. 159, ¶ 12, 30 P.3d 1099, ¶ 12, and *State v. Lange*, 237 Mont. 486, 489, 775 P.2d 213, 215 (1989), which he asserts supports his position that he was "punished" in the federal revocation proceeding. The original version of this language—shortened in *Walker* and *Lange*—was our statement in M*atter of Ratzlaff*, 172 Mont. 439, 446, 564 P.2d 1312, 1316 (1977), that "[t]he defendant's subsequent conduct, not his original offense, forms the basis of revocation and reinstates the original sentence. Petitioner is not being punished twice for the same offense." Contrary to Maki's assertion, the foregoing language does not characterize a sentence imposed in a revocation proceeding as a "punishment." The language clarifies that the basis of a revocation is the violation of a sentencing condition and that a revoked sentence is not a second punishment for the underlying offense.

¶23 We hold the District Court did not err in denying Maki's motion to dismiss on double jeopardy grounds.

¶24 Affirmed.

/S/ KARLA M. GRAY

We concur:


/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS