JUSTICE RICE,
concurring in part and dissenting in part.
¶39 I concur with Issues Two and Three, but dissent from Issue One because I believe the Court’s analysis fails to properly apply § 46-11-504, MCA, in accordance with our jurisprudence and sets an unfortunate precedent.
¶40 The Court acknowledges that the Tribal charge of eluding a peace officer and the State charge of criminal endangerment have differing elements but summarily concludes that, in James’s case, they were based upon conduct with the same criminal objective-“he intended to drive as fast and as recklessly as required to elude the pursuing officer and avoid apprehension.” Opinion, ¶ 15. However, this is actually an amalgamation of criminal intentions, including the intention to endanger others and the intention to elude a police officer. One need only recall O. J. Simpson’s infamous low-speed drive away from police in A1 Cowling’s white Ford Bronco to vividly illustrate the differences in criminal objectives here:
Word of the flight soon went out, and the crowds were on their feet, cheering. Police picked up O.J.’s cellular-phone calls and began tracking the Ford Bronco along the San Diego Freeway. Reporters pursuing in helicopters overhead said that he had a gun to his head. People pulled up their lawn chairs to the side of the road to wait for the cortege to pass. They lined the overpasses, waving, shouting, holding up signs-Go O.J. Go-as if he were trying to elude a pack of motorized tacklers.
Nancy Gibbs, O. J. Simpson: End of the Run, 143 Time 28 (June 27, 1994). O. J.’s quixotic quest had not been done recklessly and had not endangered but, nonetheless, he had exhibited the criminal objective *204 of eluding police.[1] These two objectives are different.
¶41 Under the Court’s logic, if James had collided with another car and recklessly killed someone, the Tribal charge of eluding police would prohibit the State from charging James with the homicide. This outcome is not required under our precedent.
¶42 In State v. Tadewaldt, 277 Mont. 261, 922 P.2d 463 (1996), we considered whether the defendant’s conviction of driving under the influence of drugs barred a prosecution for possession of drugs found in his car. In concluding it did not, we focused on the criminal objective of DUI-ingesting drugs and driving a vehicle while under the influence of that substance-and the different criminal objective of simply possessing dangerous drugs. Tadewaldt, 277 Mont. at 267.
¶43 In State v. Gazda, 2003 MT 350, 318 Mont. 516, 82 P.3d 20, we concluded that § 46-11-504, MCA, did not bar State prosecution for deliberate homicide after the defendant had already been convicted in federal court of possessing the murder weapon. We explained that since the “federal prosecution only pertained to whether Gazda’s ‘criminal objective’ was to knowingly and unlawfully possess his .30-.30 rifle ...” his conviction for that charge did not bar the State prosecution because “the State had to demonstrate that Gazda purposefully or knowingly caused the death of another human being through deliberate homicide.” Gazda, ¶¶ 22-23. We held that where the criminal objective of each charge is distinct, the “same transaction” element of our double jeopardy analysis is not met and § 46-11-504, MCA, does not bar the subsequent prosecution. Gazda, ¶ 24. Such distinct elements of the offenses likewise exist here.
¶44 In State v. Cech, 2007 MT 184, 338 Mont. 330, 167 P.3d 389, we considered whether the defendant’s conviction in the State of Washington of possessing a car that he had stolen in Montana barred his subsequent prosecution in Montana for felony theft of the same vehicle. We held that § 46-11-504, MCA, barred prosecution of Cech on the Montana theft charge, explaining that “Cecil’s underlying conduct which served as a basis for both prosecutions sought to accomplish the same criminal objective-control of the stolen vehicle .” Cech, ¶ 22 (emphasis added).
¶45 This “same criminal objective” clearly does not exist here. Simply put, the criminal objective of eluding a peace officer is exactly that-to elude a peace officer. The criminal objective of criminal endangerment *205 is creating a substantial risk of death or serious bodily injury to another. As the District Court pointed out, a person may flee from an officer without creating a substantial risk of death or serious bodily injury, and conversely, a person can create a substantial risk of death or serious bodily injury on the roadway without an officer being in pursuit of that person.
¶46 I would affirm the District Court.

 Police followed the slow moving Bronco back to Simpson’s Brentwood mansion, where Simpson was arrested.