JUSTICE COTTER
dissents.
¶25 I dissent from the Court’s decision. I would conclude that under the clear language of §46-11-504, MCA, Cline’s conviction in federal court barred his subsequent prosecution in the District Court.
¶26 Section 46-11-504, MCA, provides in pertinent part:
When conduct constitutes an offense within the jurisdiction of any *25 state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if:
(1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction ....
¶27 We err in interpreting the foregoing statute to require that the offense prosecuted in the first jurisdiction and the offense to be prosecuted in Montana must be “equivalent” offenses. See ¶ 21. Our error dates back to the 1993 version of §46-11-504, MCA, which was in effect when we decided State v. Tadewaldt, 277 Mont. 261, 922 P.2d 463 (1996). Unfortunately, we have perpetuated the Tadewaldt test, notwithstanding the fact that §46-11-504, MCA, was substantively revised in 1997.
¶28 As Justice Nelson cogently pointed out in his concurring Opinion in State v. Cech, 2007 MT 184, 338 Mont. 330, 167 P.3d 389, there is absolutely no language in the double jeopardy statute, as revised, which imposes the requirement that the offenses in question be “equivalent.” Cech, ¶ 34 (Nelson, J., concurring). The statute very plainly requires that “an offense”be prosecuted in the first jurisdiction, that there be an acquittal or conviction, and that the subsequent prosecution be based upon “an offense arising out of the same transaction.”The straightforward language of the revised statute could not be clearer?
¶29 Given the clarity of the statutory language in question, it is unnecessary to consult the legislative history, to which we typically resort “only if legislative intent cannot be determined from the plain wording of the statute.” Clarke v. Massey, 271 Mont. 412, 416, 897 P.2d 1085, 1088 (1995). Here, however, the legislative history of the 1997 revisions is instructive. SB 145 was introduced with the following preamble: ‘WHEREAS, the Montana Supreme Court has suggested in State v. Pierce, 199 Mont. 57 (1982), State v. Sword, 229 Mont. 370, and State v. Tadewaldt, 53 St. Rep. (1996), that the concurrent jurisdiction provisions of section 46-11-504, MCA, be clarified.” Thus, it is clear that the Legislature was aware of our interpretations of the previous version of the statute, and specifically intended a modification of the statute in response to those cases. Had the Legislature intended that the test applied in Tadewaldt be perpetuated, it would not have taken the trouble to revise the language of the statute. ‘The legislature does not perform useless acts. Section 1-3-223, MCA.” American Linen Supply Co. v. Dept. of Revenue, 189 Mont. 542, 545, 617 P.2d 131, 133 (1980).
*26 ¶30 I authored the Court’s Opinion in State v. Fox, 2012 MT 172, 366 Mont. 10, 285 P.3d 454. Although the portion of the analysis in Fox that invoked Tadewaldt is not critical to the outcome of our decision there, we erred in Fox in continuing to rely upon Tadewaldt. We similarly erred in doing so in State v. Gazda, 2003 MT 350, 318 Mont. 516, 82 P.3d 20. See Gazda, ¶¶ 14, 21.1 therefore agree with Justice Nelson’s conclusion in Cech that to the extent that Gazda relies upon Tadewaldt, it should be overturned. I would further urge us to overturn Fox and Cech to the same limited extent. Cech, ¶ 39.
¶31 The foregoing Opinions having embraced the “equivalent offense” standard, it might fairly be asked why this “plain language” analysis is just now being interposed in a dissent. The answer is that Cline is the first of these defendants to squarely present this argument, and we are therefore bound to consider it. Justice Nelson’s concurrence in Cech raised the exact point I raise here, but Cech himself did not challenge application of the Tadewaldt test. Justice Nelson concluded that the Tadewaldt test did not square with the language of the statute, but he otherwise concurred with the Court’s conclusion on other grounds that the subsequent prosecution of Cech in Montana was barred.
¶32 Turning to the matter before us, and applying the plain language of §46-11-504, MCA, Cline’s conviction of theft by common scheme cannot stand. As the Court correctly notes at ¶ 10, the State admits that Cline’s federal prosecution resulted in a conviction, and that the subsequent prosecution at issue here arose out of the same transaction as Cline’s federal prosecution. These two admissions end the inquiry, as the statute requires only that the conduct constitutes an offense within the other court, that the prosecution in the other court result in a conviction, and that the subsequent prosecution be “based on an offense arising out of the same transaction.” Section 46-11-504(1), MCA.
¶33 This Court has repeatedly invoked § 1-2-101, MCA, which provides that ‘Ti]n the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” City of Bozeman v. Cantu, 2013 MT 40, ¶ 17, 369 Mont. 81, 296 P.3d 461; In re D.B.J., 2012 MT 220, ¶ 40, 366 Mont. 320, 286 P.3d 1201; State v. Hafner, 2010 MT 233, ¶ 24, 358 Mont. 137, 243 P.3d 435; State v. Maki, 2008 MT 379, ¶ 17, 347 Mont. 24, 196 P.3d 1281; State v. Brown, 2008 MT 115, ¶ 24, 342 Mont. 476, 182 P.3d 75. The Court disregards this statute by reading into the current version of our double jeopardy statute language which it does not contain. If *27 the State disagrees with the clear language of our current version of §46-11-504, MCA, then the State should ask the Legislature to change the statute. It is not up to this Court to do so.
¶34 I therefore dissent from the Court’s Opinion.
JUSTICE McKINNON joins in the Dissent of JUSTICE COTTER.