FILED

08/08/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0340

DA 16-0340

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 189

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOEL HENRIK STONE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 13-0395
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Craig Shannon, Attorney at Law, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

          Scott Twito, Yellowstone County Attorney, Julie Mees, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:  June 7, 2017

Decided:  August 8, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Joel Henrik Stone (Stone) appeals the District Court's order vacating his guilty plea to felony partner or family member assault and his subsequent prosecution for aggravated assault.  We affirm.

¶2      We restate the issues on appeal as follows:

*Issue One:  Did the District Court err by vacating Stone's guilty plea?*

*Issue Two:  Was Stone twice put in jeopardy for the same offense?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3      On May 24, 2013, the State filed an Information charging Stone with aggravated assault and partner or family member assault (PFMA).  The State later filed an amended Information charging Stone with the same offenses in the alternative, and added a misdemeanor tampering charge.  On September 30, 2013, after a thorough colloquy Stone unconditionally pled guilty to felony PFMA.  Stone admitted to two prior PFMA convictions, to the facts establishing the elements of PFMA, and stated he understood he was pleading guilty to a felony.  The plea agreement included a designation of Stone as a persistent felony offender.  In the hearing, the District Court accepted Stone's guilty plea as knowing and voluntary.

¶4      Prior to sentencing, the parties informed the District Court that Stone, in fact, did not have two prior PFMA convictions.  Stone contented that he must be sentenced in accordance with the crime of PFMA as a misdemeanor.  The State moved to vacate the guilty plea based on mutual mistake.  The District Court agreed with the State, vacated the guilty plea, and allowed the State to amend the Information.  The District Court

2

determined Stone was not being subjected to double jeopardy nor were his due process rights violated.

¶5     The State filed a Second Amended Information charging Stone with aggravated assault and tampering.  After obtaining new counsel, Stone moved the District Court to reconsider its decision to allow the prosecution to proceed, alleging there was no mutual mistake, but instead the State's unilateral mistake was insufficient to vacate the plea agreement.  The District Court denied his motion.

¶6     On June 8, 2015, Stone signed a written plea agreement with the State; he agreed to plead guilty to aggravated assault in exchange for the State's withdrawal of its persistent felony offender notice and recommendation for a five-year sentence.  The agreement specifically provided Stone waived his right to appeal any "previous adverse legal ruling" in his case.  At the change of plea hearing, the District Court conducted a thorough colloquy; Stone provided a factual basis for the elements of the crime and entered his guilty plea.  The District Court accepted his plea and set a sentencing hearing date.

¶7     On February 2, 2016, Stone, through another new attorney, filed a motion to withdraw his guilty plea challenging the voluntariness of the plea and asserted the waiver was the result of ineffective assistance of counsel.  On February 24, 2016, the District Court issued a *Gillham*[1] order, requiring Stone's previous attorney to respond to the

---

[1] Based on *In re Gillham*, 216 Mont. 279, 282, 704 P.2d 1019, 1021 (1985).  If a convicted person files a post-conviction petition alleging, in whole or in part, ineffective assistance of counsel, the Court may order the attorney to respond to the allegations.  The order protects the attorney from charges of discipline or malpractice claims for revealing necessary

3

allegations. Stone's previous attorneys and the State responded. Subsequently, the District Court denied Stone's motion to withdraw his plea, finding counsel was not ineffective and that Stone knowingly and voluntarily waived his right to an appeal as part of the plea agreement.

¶8 At the March 28, 2016 sentencing hearing, Stone asserted he was not guilty of aggravated assault and claimed he had pled guilty believing he would serve no jail time. The District Court sentenced Stone to the Montana Department of Corrections for five years with one year suspended. Stone appeals.

## STANDARD OF REVIEW

¶9 A ruling on a motion to dismiss in a criminal proceeding is a question of law, which we review de novo. *State v. Burns*, 2011 MT 167, ¶ 17, 361 Mont. 191, 256 P.3d 944. A district court's conclusion as to whether sufficient evidence exists to convict is ultimately an analysis and application of the law to the facts, and as such is properly reviewed de novo. *State v. Gunderson,* 2010 MT 166, ¶ 58, 357 Mont. 142, 237 P.3d 74.

¶10 A district court's denial of a motion to dismiss criminal charges on double jeopardy grounds presents a question of law, which we review for correctness. *State v. Cates*, 2009 MT 94, ¶ 22, 350 Mont. 38, 204 P.3d 1224 (citing *State v. Maki*, 2008 MT 379, ¶ 9, 347 Mont. 24, 196 P.3d 1281).

---

confidential information from representing the convicted person.

**DISCUSSION**

¶11   *Issue One:  Did the District Court err by vacating Stone's guilty plea?*

¶12   Stone argues the District Court erred when it vacated his initial guilty plea to PFMA.  He argues the court had no authority to so.  The State argues Stone waived his right to appeal the District Court's decision to vacate his guilty plea to PFMA in his later plea agreement for aggravated assault.

¶13   Montana's long standing jurisprudence holds that "where a defendant voluntarily and knowingly pleads guilty to an offense, the plea constitutes a waiver of all non-jurisdictional defects and defenses, including claims of constitutional rights violations which occurred prior to the plea."  *State v. Lindsey*, 2011 MT 46, ¶ 19, 359 Mont. 362, 249 P.3d 491; *State v. Pavey,* 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104; *State v. Kelsch,* 2008 MT 339, ¶ 8, 346 Mont. 260, 194 P.3d 670; *State v. Rytky*, 2006 MT 134, ¶ 7, 332 Mont. 364, 137 P.3d 530; *State v. Gordon*, 1999 MT 169, ¶ 23, 295 Mont. 183, 983 P.2d 377; *State v. Turcotte*, 164 Mont. 426, 524 P.2d 787 (1974).  A defendant may only attack the voluntary and intelligent character of the guilty plea and may not raise independent claims relating to prior deprivations of constitutional rights.  *Gordon*, ¶ 23; *State v. Wheeler*, 285 Mont. 400, 402, 948 P.2d 698, 699 (1997).

¶14   Here, in the June 8, 2015 plea agreement, Stone explicitly waived "the right to appeal any finding of guilt or previous adverse legal ruling."  Stone's plea agreement was indeed a waiver that he entered into voluntarily and knowingly.  The guilty plea has precluded his right to appeal this issue.

¶15 *Issue Two: Was Stone twice put in jeopardy for the same offense?*

¶16 As discussed above, by pleading guilty a defendant waives his right to appeal. However, the waiver applies to "non-jurisdictional defects and defenses." In Montana, a guilty plea does not waive a double jeopardy argument on appeal. *State v. Cech*, 2007 MT 184, ¶¶ 9-10, 338 Mont. 330, 167 P.3d 389; *Stilson v. State*, 278 Mont. 20, 22, 924 P.2d 238, 239 (1996). The State concedes Stone has not waived his right to appeal this issue. Stone has not waived his right to bring this appeal based on double jeopardy.

¶17 Stone argues the State's subsequent prosecution for aggravated assault after the District Court vacated his guilty plea to PFMA violated his constitutional due process right to be free from twice being put in jeopardy for the same offense, and that jeopardy attached when his guilty plea was accepted by the District Court. The State asserts jeopardy never attached.

¶18 The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The clause applies to the states through the Fourteenth Amendment. *State v. Duncan*, 2012 MT 241, ¶ 6, 366 Mont. 443, 291 P.3d 106 (citing *Benton v. Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 2062 (1969)). Montana's Constitution establishes similar double jeopardy protections, stating, "No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction." Mont. Const. art. II, § 25.

¶19 Before a question of double jeopardy arises, there must be an initial determination as to whether jeopardy has attached in the first instance. *Keating v. Sherlock*, 278 Mont.

218, 223, 924 P.2d 1297, 1300 (1996). The State argues Stone's guilty plea was not a conviction or acquittal and therefore jeopardy did not attach. Stone insists jeopardy attached when the District Court accepted his guilty plea. We are not convinced.

¶20 This Court applies a three-part test to determine whether jeopardy has attached. *State v. Cline*, 2013 MT 188, ¶ 9, 371 Mont. 18, 305 P.3d 55; *Cech*, ¶ 13; *State v. Gazda*, 2003 MT 350, ¶ 12, 318 Mont. 516, 82 P.3d 20. All three factors must be met. *Cline*, ¶ 9. In order to bar a subsequent prosecution, a defendant's conduct must constitute an offense within the jurisdiction of the court where the first prosecution occurred and within the jurisdiction of the court where the subsequent prosecution is pursued; the first prosecution must conclude with an acquittal or a conviction; and the subsequent prosecution must be based on an offense arising out of the same transaction. *Cech*, ¶ 13.

¶21 In Montana, a "conviction" requires a judgment or sentence entered upon a guilty or nolo contendere plea. Section 46-1-202(7), MCA; *Peterson v. State*, 2017 MT 165, ¶ 9, 388 Mont. 122. In construing a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Section 1-2-101, MCA; *State v. Mainwaring*, 2007 MT 14, ¶ 15, 335 Mont. 322, 151 P.3d 53. In order for there to be a conviction based on a guilty plea, a judgment or sentence must be imposed. *State v. Tomaskie*, 2007 MT 103, ¶ 12, 337 Mont. 130, 157 P.3d 691.

¶22 Stone cites *Kercheval v. United States*, 274 U.S. 220, 223, 47 S. Ct. 582, 583 (1927) for the proposition that "a plea of guilty . . . is itself a conviction. More is not required." In *Kercheval*, a defendant pled guilty and was sentenced. 274 U.S. at 221, 47

7

S. Ct. at 582. Afterwards, the court allowed him to withdraw his guilty plea, based on his allegation that he was induced to plead guilty by the prosecutor's promises. In the subsequent prosecution, the previous guilty plea was used as evidence and the defendant was found guilty and sentenced. *Kercheval*, 274 U.S. at 222, 47 S. Ct. at 582. The Defendant appealed. The Supreme Court determined that, when used as evidence, a prior guilty plea is tantamount to a conviction; it is conclusive evidence of guilt. *Kercheval*, 274 U.S. at 224, 47 S. Ct. at 583. *Kercheval* does not hold that a guilty plea is a conviction.

¶23 Moreover, the prohibition against double jeopardy is based on deeply ingrained constitutional policies designed to protect a defendant by ensuring finality of prosecution and the protection against the State's attempts to relitigate facts underlying a prior acquittal and from attempts to secure additional punishment after a prior conviction and sentence. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *State v. Weatherell*, 2010 MT 37, ¶ 9, 355 Mont. 230, 225 P.3d 1256; *State v. Carney*, 219 Mont. 412, 416, 714 P.2d 532, 535 (1986).

¶24 Here, Stone had no interest in the finality of a guilty plea to misdemeanor PFMA because he was not charged with that offense, he did not plead guilty to that charge, and he did not agree to be, and could not have reasonably expected to be sentenced to a misdemeanor when he entered his guilty plea. "It is elementary that a party cannot be charged with one offense and convicted of another independent offense." *State v. Sieff*, 54 Mont. 165, 168, 168 P. 524 (1917). The State charged Stone with felony PFMA. However, no felony PFMA occurred despite Stone's admission to two previous PFMA

8

convictions and his admission to the factual basis for the charges. Stone's prosecution for aggravated assault, after a vacated guilty plea to a non-existent crime, did not place Stone in jeopardy twice for the same conduct.

¶25 The District Court did not enter a judgment or sentence Stone. Stone had no interest in the finality of a guilty plea for a crime that did not occur. The Montana statute requires a judgment or sentence to be imposed before a guilty plea may qualify as a conviction for purposes of double jeopardy. Jeopardy did not attach to Stone's guilty plea, as he had not been convicted of a crime per Montana statute. Section 46-1-202(7), MCA. The State's prosecution of Stone for aggravated assault did not compromise the protections against double jeopardy.

## CONCLUSION

¶26 The District Court correctly vacated the guilty plea. Jeopardy never attached to Stone's guilty plea, and therefore did not preclude the State from prosecuting him for aggravated assault.

¶27 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR

9