ORIGINAL


**FILED**

07/20/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0349

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0349

FILED

JUL 19 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

NATHAN SAMUEL POLAKOFF,

Petitioner,

v.

MONTANA TWENTY-SECOND JUDICIAL
DISTRICT COURT, HON. MATTHEW J.
WALD, Presiding,

Respondent.

O R D E R

Petitioner Nathan Samuel Polakoff (Polakoff), through counsel, seeks a writ of supervisory control to reverse the Order Denying Motion to Dismiss Count Two on Double Jeopardy Grounds, entered June 22, 2022, in the Twenty-Second Judicial District Court, Carbon County, Cause No. DC-19-17. On June 30, 2022, Polakoff filed a Petition for Writ of Supervisory Control arguing that his retrial scheduled for August 22, 2022, will violate his double jeopardy rights. This Court ordered an expedited response from the State and/or Hon. Matthew J. Wald, presiding Judge. We received a response from the State on July 15, 2022.

This case arises from injuries suffered by nine-month-old E.M., the minor child of R.W., which occurred at Polakoff's residence. On April 17, 2019, R.W. and E.M. were staying at Polakoff's house when E.M. reportedly rolled off a futon onto a carpeted floor, a drop of between 6- to 12-inchs, sustaining a red mark on the side of his head. R.W. noticed that E.M. had also vomited. The next day, April 18, 2019, E.M. was lethargic and unable to keep food down so R.W. took him to the Beartooth Billings Clinic where E.M. was seen by a physician's assistant who believed E.M. had the flu. However, on April 19,

2019, E.M. again vomited and Polakoff offered to clean E.M. up in the shower. While Polakoff and E.M. were alone and in the bathroom, Polakoff called to R.W. that E.M. had stopped breathing. An ambulance and Red Lodge Police Department responded and observed E.M. was alive but in severe distress. He appeared lifeless and was struggling to breathe. During transport to Billings Beartooth Clinic, E.M. suffered a seizure.

E.M.'s treating physician, Dr. Fouts, determined that emergency transport to Salt Lake City was necessary. Dr. Fouts also concluded that rolling off the futon onto a carpeted floor could not have caused such a serious injury. Dr. Laskey, E.M.'s treating physician at Salt Lake City, disclosed that E.M. had suffered two skull fractures from two separate, recent events. Dr. Laskey testified that the fracture on the side of E.M.'s head was not as severe as the fracture on the back of E.M.'s skull, which was a complex stellated skull fracture resulting from severe blunt force. Dr. Laskey testified that after sustaining the severe skull fracture on the back of his head, E.M. would have exhibited signs of severe injury and not appeared normal in any way. Dr. Laskey explained that while a person can sustain two fractures from one impact, E.M.'s fractures were not connected and there was no plausible trauma mechanism that could have caused both of E.M.'s fractures with one impact. Dr. Laskey testified that the physician assistant could not have ruled out a skull fracture on April 17, 2019, without an x-ray, which was not taken because E.M.'s symptoms were not serious at that point. Dr. Laskey explained that persistent vomiting, such as what was displayed April 17 and 18, was a symptom of a less serious skull fracture.

On May 1, 2019, the State charged Polakoff with two counts of assault on a minor in violation of § 45-5-212, MCA. In Count I, the State alleged the offense occurred "on or about" April 17, 2019; in Count II, the State alleged the offense occurred "on or about" April 19, 2019. On March 1, 2022, the State filed an Amended Information. It amended Count I to allow the jury to find that Polakoff's assault resulted in E.M.'s serious bodily injury or, alternatively, bodily injury. In Count II, the State alleged E.M. sustained serious bodily injury. The District Court conducted a jury trial on March 8-10, 2022. The jury found Polakoff not guilty on Count I and was unable to reach a verdict on Count II.

2

Without objection, the District Court declared a mistrial and scheduled trial on the remaining count, Count II, for August 22, 2022. On April 22, 2022, Polakoff filed a motion to dismiss Count II on double jeopardy grounds, which was denied by the District Court on June 22, 2022.

Polakoff argues that State's use of "on or about" means that there is three days of "wiggle room" on either side of the offense committal date listed in the information. Thus, Polakoff argues, because the language of the charging documents alleged the offenses were committed "on or about" April 17, 2019, and April 19, 2019, the two charges necessarily merged into one because of the three overlapping days. Because Polakoff was acquitted of Count I, he argues further prosecution on Count II would constitute double jeopardy. The State maintains that the two counts are distinct and separate, and that the Dr. Laskey's testimony supported the commission of two offenses. The District Court concluded that Polakoff's argument was a "technical one," which must fail. The District Court explained that the "second assault could not have occurred any time before April 18, as the Affidavit clearly claims that it occurred after E.M. was provided care on April 18. The first assault would have to have occurred before this medical visit." Thus, the District Court concluded that the two counts are distinct in nature, which the jury clearly understood when it differentiated between the charges and acquitted Polakoff of Count I.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016). This

3

Court has accepted supervisory control in other cases implicating double jeopardy. *See City of Billings ex rel. Huertas v. Billings Mun. Ct.*, 2017 MT 261, 389 Mont. 158, 404 P.3d 709; *Keating v. Sherlock*, 278 Mont. 218, 924 P.2d 1297 (1996). A trial court's denial of a defendant's motion to dismiss on grounds of double jeopardy is a question of law that we review for correctness. *State v. Stone*, 2017 MT 189, 388 Mont. 239, 400 P. 3d 692.

In Montana, a mistrial following a hung jury does not terminate the original jeopardy that attached. *State ex rel. Forsyth v. Dist. Court*, 216 Mont. 480, 496, 701 P.2d 1326, 1355 (1985). Polakoff did not object to the court's declaration of a mistrial; rather, he asserts that the jury's acquittal on Count I effectively served to acquit him of Count II. Here, however, there was evidence produced that E.M. had suffered more that one serious skull fracture and that the two fractures did not result from the same and singular blunt force impact. The first skull fracture was less severe and did not show immediate signs of injury, while the more serious skull fracture showed immediate and devastating signs of head injury. The State produced evidence that E.M. suffered the more serious skull fracture on April 19, 2019, and that the severity of the symptoms distinguished the injury from the April 17 injury. As the District Court noted, the second more serious assault could not have occurred before the April 18 medical visit where the physician assistant did not observe symptoms of a head injury requiring head x-rays. We conclude, therefore, Polakoff's acquittal on Count I does not preclude the State from continuing to prosecute him on Count II, which was based on assault allegations occurring on April 19, 2019. Dr. Laskey opined that the more serious skull fracture would have been immediately apparent and would have caused immediate unconsciousness, as was displayed on April 19, 2019, in the ambulance and to health care providers. Accordingly,

IT IS THEREFORE ORDERED that Polakoff's Petition for Writ of Supervisory Control is DENIED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Twenty-Second Judicial District Court, Carbon County, Cause No. DC 19-17, and the Honorable Matthew J. Wald, presiding.

4

Dated this 19 day of July, 2022.

_____
Chief Justice

_____

_____

_____
Justices

5